IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALVIN R. BENNETT,

       Plaintiff,

v.                                                   Civil Action No. 5:14CV100
                                                                             (STAMP)

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background[1]

In this case, the plaintiff is a 47 year old man seeking Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Prior to the plaintiff's current claim for SSI and DIB, the plaintiff previously filed such a claim in 2009. Regarding that prior claim, Administrative Law Judge ("ALJ") Carol A. Baumerich denied the plaintiff's claim, finding that he was not disabled at that time. The plaintiff filed another claim for SSI and DIB in July 2011 and was denied by both ALJ Brian P. Kilbane and later the Appeals Council, which is the source of the current civil action.

Regarding his occupation, the plaintiff was a carpenter and a truck driver. He sustained serious injuries to his left leg after

---

[1]This memorandum opinion and order contains only the most relevant procedural and factual information. For more extensive background information, see ECF No. 17.

falling off a cliff.  That incident occurred in December 2007, and resulted in a status post fall, left plateau fracture, and left knee lacerations.  It appears that after his fall in 2007, the plaintiff began to develop significant arthritis in his left knee, as well as lower back pain.  The record also shows that the plaintiff suffered from seizures for about three years prior to his fall.

Later in 2009, while under the care of Dr. V. Waid McMillion, the plaintiff complained of back and neck pain, and mild dizzy spells.  While under Dr. McMillion's care, the plaintiff received various medications and knee injections. The plaintiff's condition worsened, to the point where he claimed his pain level was at a six or seven on a ten-point scale.  Dr. McMillion allegedly stated, however, that the plaintiff "should [] be able to perform daily duties of the labor given his age."  The plaintiff later began seeing Dr. Sophia Sibold for his conditions, as well as a chiropractor named Dr. Betsy Bartlett.  Throughout his numerous visits to both doctors, the plaintiff's pain worsened, to the point where he claimed his pain was a ten on a ten-point scale.  Later, Dr. Atiya Lateef completed a physical residual functional capacity assessment of the plaintiff.  In that assessment, Dr. Lateef determined that, among other things, the plaintiff could perform light work that avoided heights, hazards, extreme cold, and vibrations.

2

In his complaint, the plaintiff argues that ALJ Kilbane, using the five-step sequential evaluation process, erred in assessing the plaintiff's credibility and in applying Acquiescence Ruling ("AR") 00-1(4), whereas the defendant argues the opposite. AR 00-1(4) pertains to the procedure an adjudicator must follow when a final ALJ or Appeals Council's decision occurs in a prior disability claim. Essentially, as applied to this civil action, the plaintiff asserts that ALJ Kilbane needed to give "appropriate weight" to ALJ Baumerich's previous findings concerning whether the plaintiff had a disability. In his previous claim, ALJ Baumerich did not find that the plaintiff had a disability but listed several severe impairments. The plaintiff argues that ALJ Kilbane did not consider and weigh ALJ Baumerich's prior decisions concerning those severe impairments.

United States Magistrate Judge John S. Kaull then entered his report and recommendation. ECF No. 17. The magistrate judge, in examining that claim, agreed with the plaintiff. In particular, he noted that ALJ Kilbane did not state what weight, if any, he accorded to ALJ Baumerich's step two determination. For that reason alone, the magistrate judge recommended remanding this civil action. Regarding the plaintiff's claim that ALJ Kilbane improperly considered the plaintiff's credibility, the magistrate judge refrained from addressing that claim because of his prior finding. For those reasons, the magistrate judge found that

substantial evidence did not support the ALJ's determinations, and that the case should be reversed and remanded. The parties did not file objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir.

4

2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation. Under AR 00-1(4), it provides the following:

> where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period.

AR 00-1(4), 2000 WL 43774 at *4 (Jan. 12, 2000). That ruling was issued following the United States Court of Appeals for the Fourth Circuit's holding in Lively v. Sec. of Health & Human Servs., 820 F.2d 1391, 1392 (4th Cir. 1987), which requires an ALJ to consider prior administrative findings and assign weight to those findings. As the record shows, ALJ Baumerich, who presided over the plaintiff's prior claim, found that the plaintiff's severe impairments included the following: "bilateral knee degenerative arthritis, a history of left lateral tibial plateau fracture,

lumbar spine arthritis, intermittent dizzy spells of unknown etiology, and a history of seizure disorder." ECF No. 8 *49.

When ALJ Kilbane engaged in the five-step sequential evaluation process, however, he identified the following severe impairments: "seizures and degenerative joint disease." ECF No. 8 *13. In addition, ALJ Kilbane's findings did not indicate that he assigned any weight to ALJ Baumerich's previous findings. Because the prior ALJ's decision at Step Two of the evaluation process was not properly considered, the civil action must be remanded. See, e.g., Bowman v. Astrue, 2011 WL 744767, at *16 (N.D. W. Va. Jan. 27, 2011), affirm. and adopt., 2011 WL 736806 (N.D. W. Va. Feb. 23, 2011); see also Williams v. Astrue, 2012 WL 4321390, at *3 (E.D.N.C. Sept. 20, 2012). Therefore, this Court finds no error in the determination of the magistrate judge and thus upholds his ruling. As to the plaintiff's argument concerning ALJ Kilbane's credibility determination, this Court agrees with the magistrate judge in declining to consider it due to the previous assignment of error.

## V. Conclusion

For the reasons above, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED. Thus, the plaintiff's motion for summary judgment is GRANTED and the defendant's motion for summary judgment is DENIED. It is further ORDERED that this case be REMANDED to the Commissioner for further

action in accordance with the magistrate judge's report and recommendation. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the defendant has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 20, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE